**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Steven Dale BUTLER, Defendant–Appellant.**

No. 04–1389.

United States Court of Appeals, Seventh Circuit.

Argued June 3, 2004.

Decided June 30, 2004.

Kelly B. Watzka, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Kirk B. Obear, Elkhart, WI, for Defendant–Appellant.

Before BAUER, RIPPLE, and MANION, Circuit Judges.

## ORDER

Steven Dale Butler was indicted for being a felon in possession of a firearm (count one) and for being a felon in possession of ammunition (count two) pursuant to 18 U.S.C. §§ 922(g)(1) and 924(e)(1) He subsequently pleaded guilty to a one-count information alleging that he was a felon who knowingly possessed a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Butler was sentenced to 46 months' imprisonment and three years of supervised release based upon an enhancement for possession of a firearm in connection with another felony pursuant to U.S.S.G. § 2K2.1(b)(5), namely, manufacturing marijuana for distribution. Butler appeals the district court's decision to enhance, arguing that there was insufficient evidence that he possessed the firearm in connection with another felony offense. We affirm.

On October 9, 2002, the Marinette County, Wisconsin, Sheriff's Office executed a search warrant for Butler's residence after finding three marijuana stalks and a large quantity of marijuana stems and seeds in Butler's trash. In addition, the search warrant was based upon Butler's prior drug offenses committed at the same residence, and a large amount of traffic to and from the residence. During the search of his residence, officers found a small amount of marijuana and a marijuana pipe in the living room. The officers also found six bags of marijuana scattered throughout Butler's residence, each containing various quantities of marijuana, ranging from 21 grams to 2.3 grams.

Two safes were discovered in the bedroom of the residence and were searched after a narcotics canine alerted to the presence of narcotics in the safe. Butler initially denied having a key to the safes, but a key to one of the safes was found on his key chain. This safe contained the following items: personal identification items belonging to Butler, a .22 caliber Jennings pistol, two additional bags of marijuana, containing 2.7 and 3.9 grams of marijuana, a marijuana pipe, a film canister containing 2.9 grams of marijuana, a gallon size bag containing 20.1 grams of marijuana, and a portable scale. The pistol was not loaded, but ammunition for it was discovered nearby in the bedroom.

The total weight of the marijuana recovered in the residence amounts to approximately 73.3 grams. Butler and Christine Vitkovic, his live-in girlfriend, both maintain that the marijuana was grown and possessed for personal use. Butler also claims that, approximately one week before the search, he obtained the pistol from a co-worker in exchange for a television set.

Butler has a previous criminal history which includes felony convictions for burglary, false imprisonment/kidnaping, and the manufacture or delivery of a controlled substance. Based upon these prior felonies, Butler was indicted as a career criminal knowingly possessing a firearm and ammunition. After reaching a plea agreement with the government, Butler pleaded guilty to a one-count information charging him as a felon who knowingly possessed a firearm.

The district court then proceeded to sentencing. At the sentencing hearing, the court adopted the presentence report enhancing Butler's sentence four levels pursuant to U.S.S.G. § 2K2.1(b)(5), by finding that Butler possessed the gun in connection with another felony offense: posses-

sion with the intent to distribute marijuana in violation of Wis. Stat. § 961.41(1)(h)(1). This enhancement resulted in Butler's sentence of 46 months. Without the enhancement, his sentencing range would have been 30–37 months. Butler argues that the district court erred by finding that he possessed the gun in connection with another felony.

## II.

We review the district court's application of the sentencing guidelines for clear error because it involves a finding of fact. *See United States v. Messino,* 55 F.3d 1241, 1247 (7th Cir.1995). The phrase "in connection with" pursuant to U.S.S.G. § 2K2.1(b)(5) has been interpreted to be satisfied when the firearm's presence facilitated or served some purpose to the drug trafficking. *United States v. Wyatt,* 102 F.3d 241, 247 (7th Cir.1996).

■ Here, the district court found that the gun inside the safe, along with the marijuana in the safe and in bags, the scale, pipes, film canister, and personal papers identifying Butler established by a preponderance that Butler was trafficking the marijuana. Particularly, the district court was persuaded by the bags of marijuana of varying size, along with the scales, and found this consistent with trafficking marijuana. The district court also found persuasive the testimony of an investigator who concluded that a substantial amount of marijuana was unaccounted for, based on the size of the marijuana stalks found in Butler's trash a few days before the search. The investigator opined, and the district court concluded, that at least 210 grams of marijuana left the house between the time the stalks were discovered and the time of the search. The district court concluded that this amount was not consistent with mere personal use. Based upon this evidence, the district court did not clearly err in finding by a preponderance that Butler was trafficking the marijuana. *See Wyatt,* 102 F.3d at 246 (holding that the court's choice from two permissible inferences cannot be clearly erroneous).

■ After concluding that Butler was engaged in marijuana trafficking, the district court found that the gun facilitated that trafficking. The district court did not clearly err in finding that the presence of the gun in the safe, along with the marijuana and other evidence of trafficking in the safe, facilitated Butler's trafficking operation. *See United States v. Patterson,* 97 F.3d 192, 195 (7th Cir.1996) ("[B]ecause of the proximity of the gun and the drugs, it was appropriate ... to conclude that the gun was present to facilitate the defendant's drug trafficking."). *Wyatt* upheld such an inference and the resulting enhancement because in that case weapons were found close to drug ledgers and packaging materials. The facts before the court allow for an even more compelling inference of facilitation because the actual marijuana was found in the safe with the gun. Regardless, even if the court could have found the other way, in this context, the court's choice from two permissible inferences cannot be clearly erroneous. *Wyatt,* 102 F.3d at 246.

## III.

The district court did not clearly err in imposing a four-level enhancement to Butler's sentence due to its finding by a preponderance of the evidence that he possessed a firearm in connection with the felony offense of marijuana distribution. For these and the foregoing reasons, we AFFIRM the judgment of the district court.